**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gordon Mayhew,<br><br>    Plaintiff,<br><br>vs.<br><br>Charlie Scharf, and/or his successor, individually, and in his official capacity as CFO of JPMorgan Chase Bank, NA, (successor of Washington Mutual Bank, FA), an ens legis being used to conceal fraud; Charles E. Haldeman, Jr., and/or his successor, individually, and in his official capacity as CEO of Freddie Mac, an ens legis being used to conceal fraud; Mark S. Bosco and Leonard J. McDonald, an/or his successor, individually, and in his official capacity as Attorneys of Freddie Mac, an ens legis being used to conceal fraud; Patrick Carey, and/or his successor, individually, and in his official capacity as CEO of Titanium Solutions, an ens legis being used to conceal fraud,<br><br>    Defendants. | No. CV-10-1439-PHX-GMS<br><br>**ORDER** |

    Pending before the Court are Plaintiff's Motion for Temporary Restraining Order (Doc. 5) and Motion for Leave to Proceed in Forma Pauperis (Doc. 6). The Court grants the Motion for Leave to Proceed in Forma Pauperis.

    The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

**A.  Legal Standards**

**1.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because it may be possible for Plaintiff to assert claims that are appropriately brought in federal court.

**2.     Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable each defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint must include "a demand for the relief sought. . . . " Fed. R. Civ. P. 8(a)(3). Finally, it must also have "a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

In order to assist litigants to understand the Rule 8(d) requirements that averments "be simple, concise and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir. 1996). Examples of types of complaints for different types of claims are contained in forms 10 through form 21. In addition to setting forth why the federal court has jurisdiction over Plaintiff's claims a complaint should fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry,* 84 F.3d at 1177. In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles,* 216 F.3d 837, 840-41 (9th Cir. 2000).

**B. Analysis**

    **1. Plaintiff's Complaint**

Plaintiff's complaint falls far short of satisfying the requirements of Rule 8. It lists Defendants in the caption, and provides some statutes and rules in the complaint. It further alleges some sort of cooperation or conspiracy among the Defendants, but the complaint contains no discussion of any particular Defendant. It does not allege that any of the defendants committed any specific acts and it does not identify what each defendant did that violates the law. Further, it does not allege a legal basis for this Court to exercise jurisdiction over this lawsuit.

Federal court have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded or evaded. *Owen Equip. & Erection Co. V. Kroger,* 437 U.S. 365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

Plaintiff asserts that this Court has diversity jurisdiction over his claims against Defendants. A review of the Complaint, however, demonstrates that Plaintiff, an Arizona resident has sued Arizona residents. Thus, Plaintiff must amend his Complaint to assert a

basis for federal jurisdiction or seek to bring his claims against Defendants in another court.

**C. Leave To Amend**

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In the amended complaint, Plaintiff must state what rights he believes were violated, the name of the person, persons, or entities who committed each violation, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976), Each claim of an alleged violation must be set forth in a separate count. The complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry,* 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with rule 8(a)); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's Complaint is dismissed for failure to comply with Rule 8, with leave to file an Amended Complaint by **August 19, 2010**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an Amended Complaint by **August 19, 2010**, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended Complaint,

the Complaint may not be served until and unless the Court screens the Amended Complaint pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** denying the Motion for Temporary Restraining Order (Doc. 5) as moot.

DATED this 20th day of July, 2010.

*G. Murray Snow*
United States District Judge